IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. _____ |
| ) | |
| ERB LEGAL INVESTMENTS, LLC ) | |
| d/b/a THE BRADLEY LAW FIRM ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Plaintiff, THE CINCINNATI INSURANCE COMPANY, and for its Complaint for Declaratory Judgment against Defendant ERB LEGAL INVESTMENTS, LLC d/b/a THE BRADLEY LAW FIRM hereby states as follows:

### Allegations Common to All Counts

A. <u>Parties</u>

1. Plaintiff THE CINCINNATI INSURANCE COMPANY (hereinafter "Cincinnati") is an insurance company with its principal place of business located in the state of Ohio and which insures risks in the state of Missouri.

2. Defendant ERB INVESTMENTS, LLC is a limited liability company organized in the State of Missouri. Defendant can be served via its registered agent, Louis J. Leonatti at 123 East Jackson Street, Mexico, Missouri.

3. Defendant ERB Investments, LLC does business as The Bradley Firm with offices located at 1424 Washington Ave., St. Louis, Missouri (hereinafter "Bradley").

4. Plaintiff and Defendants are residents of different states. The amount in controversy in this action exceeds $75,000.

1

5. Jurisdiction and venue are proper in this Court.

6. 28 U.S. Code § 2201 provides that this court "may declare the rights and other legal relations of any interested party seeking such declaration . . ." 28 U.S.C. §2201(a).

B. <u>Underlying Litigation</u>

7. On or about June 29, 2018, The Law Offices of Kanner & Pintaluga, P.A. (hereinafter "K&P") filed a Complaint against Bradley in Palm Brach County Florida (hereinafter "the Lawsuit"). A copy of the Complaint is attached as Exhibit A.

8. In the Lawsuit, K&P alleges that Bradley posted a blog on its website that:

    a. improperly implies that K&P is guilty of theft fraud, and otherwise unethical practices;

    b. insinuates that K&P's clients will receive less settlement funds;

    c. implies that K&) may not be a real law firm;

    d. accuses K&P of actin unethically; and

    e. encourages K&P's clients to discontinue their relationship with the firm.

See Exhibit A, ¶ 25-30.

9. In Count I of the Lawsuit for Tortious Interference, K&P alleges that Bradley knowingly, and without justification, interfered with the advantageous business relationship between K&P and its clients through the improper dissemination of defamatory material. Exhibit A, ¶ 36.

10. In Count I, K&P demands entry of a temporary and permanent injunction precluding Bradley from continuing to interfere with K&P's advantageous business relationships. Exhibit A.

11. In Count II of the Lawsuit for Tortious Interference, K&P alleges that Bradley

knowingly, and without justification, interfered with the advantageous business relationship between K&P and its clients through the improper dissemination of defamatory material. Exhibit A, ¶ 43.

12. In Count II, K&P alleges that Bradley's dissemination of defamatory allegations was an intentional and unjustified interference with K&P's business relationships. Exhibit A, ¶ 44.

13. As a result, K&P alleges that it suffered damages. Exhibit A, ¶ 45.

14. Count III of the Lawsuit for Defamation Per Se, alleges that the statements made and published by Bradley falsely impute to K&P conduct incompatible with the proper exercise of lawful business "for the sole purpose of injuring K&P's trade and profession." Exhibit A, ¶ 51.

15. Count III alleges that the statements exposed K&P to distrust and irreparably injured K&P's professional reputation. Exhibit A, ¶ 52.

16. Count IV of the Lawsuit for Defamation Per Quod, alleges that the statements made and published by Bradley falsely impute to K&P conduct incompatible with the proper exercise of lawful business "for the sole purpose of injuring K&P's trade and profession." Exhibit A, ¶ 58.

17. Count IV alleges that the statements exposed K&P to distrust and irreparably injured K&P's professional reputation. Exhibit A, ¶ 59.

18. Count V of the Lawsuit for Deceptive and Unfair Trade Practices alleges that Bradley's dissemination of the blog post "constitutes an unfair method of competition, unconscionable act or practice, and unfair and deceptive act or practice in the conduct of trade in violation of Florida's Deceptive and Unfair Trade Practices Act." Exhibit A, ¶ 63.

19. In Count V, K&P demands entry of a temporary and permanent injunction precluding Bradley from continuing to engage in deceptive and unfair trade practices. Exhibit A.

20. In Count VI (improperly labeled Count V) K&P alleges that Bradley's dissemination of the blog post "constitutes an unfair method of competition, unconscionable act or practice, and unfair and deceptive act or practice in the conduct of trade in violation of" Florida's Deceptive and Unfair Trade Practices Act. Exhibit A, ¶ 68.

21. K&P alleges that as a result it lost potential and/or existing clients and suffered damages. Exhibit A, ¶ 69-70.

B. <u>Insurance Policy</u>

22. Cincinnati issued liability insurance policy number ECP0219948 to Bradley (hereinafter "the Policy").

23. The Policy had effective dates of January 1, 2017 through January 1, 2020. A true and accurate copy of the Cincinnati policy is attached as Exhibit B.

24. Coverage A of the Policy for bodily injury and property damage liability states:

This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" which takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period…

See Exhibit B, p. 94.

25. "Bodily injury" as used in the Policy is defined as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." See Exhibit B, p. 109.

26. "Property damage" as used in the Policy is defined as "physical injury to tangible property, including all resulting loss of use of that property…" as well as "loss of use of tangible property that is not physically injured." See Exhibit B, p. 113.

27. "Occurrence" as used in the Policy is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." See Exhibit B, p. 112.

28. Coverage A of the Policy contains the following exclusions, which state as follows:

> This insurance does not apply to:
>
> **a.    Expected or Intended Injury**
>
> "Bodily injury" or "property damage" which may be reasonably expected to result from the intentional or criminal acts of the insured or which is in fact expected or intended by the insured, even if the injury or damage is of a different degree or type than actually expected or intended…
>
> \*\*\*
>
> **o.    Personal and Advertising Injury**
>
> "Bodily injury" arising out of "personal and advertising injury."
>
> \*\*\*
>
> **t.    Distribution of Material in Violation of Statutes**
>
> "Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:
>
> > **a.** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or
> >
> > **b.** The CAN-SPAM Act of 2203, including any amendment of or addition to such law; or
> >
> > **c.** Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2203, that prohibits or limits the sending, transmitting, communicating or distribution of material or information…
>
> See Exhibit B, p. 95, 99, 100.

29. Coverage B for "personal and advertising injury" liability states as follows:

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies…

**b.** This insurance applies to "personal and advertising injury" only if:

**(1)** The "personal and advertising injury" is caused by an offense arising out of your business; and

**(2)** The "personal and advertising injury" offense was committed in the "coverage territory" during the policy period…

See Exhibit B, p. 100.

30. "Personal and advertising injury" as it is used in the policy is defined as follows:

"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**a.** False arrest, detention or imprisonment;

**b.** Malicious prosecution;

**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.** Oral or written publication, in any manner of material that violates a person's right of privacy;

**f.** The use of another's advertising idea in your "advertisement"; or

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement";

See Exhibit B, p. 112.

31. Coverage B for personal and advertising injury liability contains the following exclusions:

This insurance does not apply to:

6

<blockquote>

**a.    Knowing Violation of Rights of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**b.    Material Published With Knowledge of Falsity**

"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.
\*\*\*

**d.    Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.
\*\*\*

**k.    Electronic Chatrooms or Bulletin Boards**

"Personal and advertising injury" arising out of an electronic chatroom or bulletin board any insured hosts, owns, or over which any insured exercises control.
\*\*\*

**s.    Distribution of Material in Violation of Statutes**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

    **a.**    The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or

    **b.**    The CAN-SPAM Act of 2203, including any amendment of or addition to such law; or

    **c.**    Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2203, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

</blockquote>

See Exhibit B, p. 101-103.

32.    Cincinnati sent a Reservation of Rights letter to Bradley, citing the above policy provisions.

33.    In its Reservation of Rights letter, Cincinnati agreed to provide a defense of Bradley to the Lawsuit, subject to a reservation of rights.

7

34. To date, Cincinnati has been providing a defense to Bradley subject to its reservation of rights.

## COUNT I
### Declaratory Judgment – Coverage A

35. Cincinnati hereby incorporates the allegations in Paragraphs 1-34 of its Cross-Claim Complaint, as if set forth fully herein.

36. There is no coverage under Coverage A of the Policy for bodily injury and property damage liability.

37. The Lawsuit does not allege any damages meeting the definition of "property damage" as defined in the policy.

38. The Lawsuit does not allege any damages meeting the definition of "bodily injury" as defined in the policy.

39. Further, the Lawsuit does not allege any wrongdoing on the part of the Defendants meeting the definition of "occurrence" as defined in the policy.

40. Additionally, coverage for the allegations in Counts I-VI is barred by the exclusion for expected or intended injuries, and/or the exclusion for bodily injury arising out of personal and advertising injury.

41. Coverage for the allegations in Counts V-VI is also barred by the exclusion for injuries resulting from actions alleged to violate a statute "that prohibits or limits the sending, transmitting, communicating or distribution of material or information."

42. There is no coverage under Coverage A of the Policy. Accordingly, Cincinnati has no obligation to defend or indemnify Bradley under Coverage A for the allegations made in the Lawsuit.

WHEREFORE, Cincinnati requests that this Court enter a declaratory judgment:

a. that Coverage A of the policy does not provide coverage for the allegations made in the Lawsuit;

b. that Cincinnati has no obligation to provide a defense of Bradley for the allegations made in the Lawsuit;

c. that Cincinnati has no obligation to indemnify Bradley for any judgment entered against them on the Lawsuit;

d. and for any other relief this Court deems appropriate under the circumstances.

## COUNT II
### Declaratory Judgment – Coverage B

43. Cincinnati hereby incorporates the allegations in Paragraphs 1-42 of its Complaint, as if set forth fully herein.

44. There is no coverage under Coverage B of the Policy for personal and advertising injury.

45. Coverage for the allegations in Counts I-VI is barred by the exclusion for injuries caused with knowledge that the act would violate the rights of another.

46. Coverage for the allegations in Counts I-VI is also barred by the exclusion for material published with knowledge of its falsity.

47. Coverage for the allegations in Counts I-VI is also barred by the exclusion for injuries arising out of an electronic chatroom or bulletin board hosted by the insured.

48. Coverage for the allegations in Counts I-IV is also barred by the exclusion in Coverage B for personal and advertising injury caused by "oral or written publication of material…with knowledge of its falsity."

49. Coverage for the allegations in Counts V-VI is also barred by the exclusion for

injuries resulting from actions alleged to violate a statute "that prohibits or limits the sending, transmitting, communicating or distribution of material or information."

50. There is no coverage under Coverage B of the Policy. Accordingly, Cincinnati has no obligation to defend or indemnify Bradley under Coverage B for the allegations made in the Lawsuit.

WHEREFORE, Cincinnati requests that this Court enter a declaratory judgment:

a. that Coverage B of the policy does not provide coverage for the allegations made in the Lawsuit;

b. that Cincinnati has no obligation to provide a defense of Bradley for the allegations made in the Lawsuit;

c. that Cincinnati has no obligation to indemnify Bradley for any judgment entered against them on the Lawsuit;

d. and for any other relief this Court deems appropriate under the circumstances.

Respectfully submitted,

/s/ C. Zachary Vaughn

C. Zachary Vaughn, #56408MO
Patrick T. Cody, #61116MO
WIEDNER & McAULIFFE, LTD.
8000 Maryland Ave., Suite 550
St. Louis, Missouri 63105
(314) 721-3400 – telephone
(314) 725-5755 – fax
czvaughn@wmlaw.com
ptcody@wmlaw.com